■ JUNETTE THOMPSON, Respondent, v KEITH THOMPSON, Appellant. [646 NYS2d 284] —In a matrimonial action in which the parties' marriage was annulled by a judgment entered September 17, 1990, the defendant husband appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (DiNoto, J.), dated April

10, 1995, as directed that, upon the determination of the fair market value of the marital residence, the defendant husband was to receive from the plaintiff wife a sum equal to one-half of the fair market value minus certain adjustments.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, with costs, the seventh decretal paragraph thereof is deleted and the following decretal paragraph is substituted therefor: "Ordered and adjudged that upon the determination of the fair market value of the premises, all the aforementioned credits and costs shall be deducted, whereupon one-half of the remaining sum, less the sum equal to one-half of the final payment of the mortgage, $5,280.57, paid at the time of the closing of title on March 3, 1995, shall be promptly paid over to the defendant".

We agree with the husband that the parties' "stipulation of agreement", when read in its entirety, evinces the parties' intent that the credit amounts allotted to both parties by a Referee should be applied to the full fair market value of the marital premises prior to its equal distribution between the parties, rather than after its equal distribution between the parties. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.